UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ISRRAEL GARCIA GARCIA,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden Otay Mesa Detention Center; TODD BLANCHE, United States Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,

Respondents.

Case No.: 3:26-cv-06223-LEK-VET

**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**

Before this Court is Petitioner Isrrael Garcia Garcia's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"), filed on November 2, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher J. LaRose, Senior Warden Otay Mesa Detention Center; Todd Blanche, United States Attorney General; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); and Patrick Divver, ICE San Diego Field Office Director, in their official capacities (collectively "Respondents"), filed a response to the Petition ("Response") on November 10, 2026. [Dkt. no. 5.] On November 16, 2026, Petitioner filed a traverse. [Dkt. no. 6.]

## BACKGROUND

Petitioner, a citizen of Mexico, most recently entered the United States without inspection on August 5, 2009. See Petition at ¶¶ 23-24; see also Response, Exh. 1

(DHS Record of Deportable/Inadmissible Alien, Form I-213, dated 10/20/26 ("Form I-213")) at 1, 4.[1] Petitioner was detained by DHS and released on his own recognizance. See Petition at ¶ 24. Petitioner has two children, including one minor child. [Id. at ¶ 23.] He admits that he was convicted of a misdemeanor offense of driving under the influence in 2009. See id.

On October 9, 2024, Petitioner was issued a Notice to Appear, which placed him in removal proceedings. See Response, Exh. 1 (Form I-213) at 4. Petitioner was issued a final order of removal on September 10, 2026, which he appealed to the Board of Immigration Appeals ("BIA") on September 24, 2026. See id.; see also Petition at ¶ 24.[2] Petitioner's BIA appeal was pending as of the date of the Petition. See Petition at ¶ 24.

On October 20, 2026, United States Immigration and Customs Enforcement ("ICE") agents conducted a vehicle record check and identified a gray Chevy pickup that was associated with Petitioner. See Response, Exh. 1 (Form I-213) at 2. After conducting the vehicle record check, the agents executed an operation targeting Petitioner. During the operation, one of the agents observed Petitioner in the gray Chevy pickup, which was parked. The agent alerted the other agents, and they surrounded Petitioner's vehicle, re-detained Petitioner, and took him into immigration custody. See id. at 2-3; see also

---

[1] Paragraph 24 of the Petition asserts that Petitioner entered the United States without inspection in 2001. See Petition at ¶ 24. Page 1 of the Form I-213, however, provides that Petitioner last entered the United States on August 5, 2009, but page 4 states that he was removed from the country via Tecate, California in 2001. See Response, Exh. 1 (Form I-213) at 1, 4. It is not necessary to resolve the inconsistency between Respondents' evidence and paragraph 24 of the Petition of when Petitioner first entered the United States because it is not relevant to this Court's analysis.

[2] Copies of the final order of removal and the BIA appeal are not currently in the record. This Court's review of the Executive Office of Immigration Review's ("EOIR") website, however, independently verifies that Petitioner's appeal of his final order of removal was received by the BIA on September 24, 2026. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited November 20, 2026).

Petition at ¶ 25. Petitioner asserts that Respondents provided no notice explaining why he was being re-detained or any type of individualized determination prior to his re-detention regarding Petitioner's risk of danger to the community or flight risk. He also asserts that he was not presented with a warrant prior to his re-detention. See Petition at ¶ 25. As of the filing of the Petition, Petitioner was detained at the Otay Mesa Detention Facility in San Diego, California. See id. at ¶ 5. Petitioner's primary argument is that his re-detention violates his due process rights. [Id. at pgs. 7-8.] Petitioner also argues that his detention without a warrant or reasonable suspicion violates the Fourth Amendment and Title 8 Code of Federal Regulations Section 287.8(b)(2). See id. Petitioner alleges he is entitled to, *inter alia*, immediate release. See id. at pg. 8.

Respondents acknowledge that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)." [Response at 1.[3]] Respondents also acknowledge that "Petitioner was previously released from immigration custody on conditional parole issued under 8 U.S.C. § 1226(a)." [Id.] Respondents nevertheless urge this Court to deny Petitioner's request for immediate release and ask this Court to order "that a bond hearing be held

---

[3] Although the parties do not dispute that Petitioner is detained pursuant to Section 1226(a), this Court notes that, pursuant to Title 8 United States Code Section 1101(a)(47)(B), an order of deportation "shall become final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Petitioner was issued a final order of removal on September 10, 2026, which he appealed to the BIA on September 24, 2026. See Response, Exh. 1 (Form I-213) at 4. As of the date of this Order, the appeal remains pending. See EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/ (last visited November 20, 2026). Accordingly, Petitioner's order of removal is not final, and he remains detained under Section 1226(a). See Ankit v. Warden Desert View Annex, Case No. 5:26-cv-04953-KES, 2026 WL 2677304, at *4 (C.D. Cal. Sept. 10, 2026) ("If a noncitizen's detention is governed by § 1226(a), that section continues to appl[y] until the order of removal becomes administratively final and any Ninth Circuit review has concluded." (citing Prieto-Romero v. Clark, 534 F.3d 1053, 1059-60 (9th Cir. 2008))).

pursuant to 8 U.S.C. § 1226(a)." See id. at 5. With respect to Petitioner's due process claims, Respondents argue that, *inter alia*, this Court should provide Respondents an opportunity to correct any constitutional error that occurred during Petitioner's re-detention through a bond hearing. See id. at 3-4. With respect to Petitioner's argument that he is entitled to immediate release because he was detained without a warrant, Respondents argue that Petitioner "has failed to show that he is entitled to release when the present and continued detention is otherwise lawful." [Id. at 2.] Finally, they argue that Petitioner was issued an administrative warrant on October 20, 2026. See id. at 3; see also Response, Exh. 2 (DHS Warrant for Arrest of Alien, Form I-200, dated 10/20/26 ("Form I-200")).

## STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his or her confinement pursuant to Title 28 United States Code Section 2241. See 28 U.S.C. § 2241(a); Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. See 8 U.S.C. § 1252(a)(1), (5); see also Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process - for example, a claim of indefinite detention - federal habeas corpus jurisdiction remains in the district court. See Alvarez v. Sessions, 338 F. Supp. 3d 1042, 1047-48 (N.D. Cal. 2018) (citations omitted); see also Nadarajah v. Gonzales, 443 F.3d 1069, 1076 (9th Cir. 2006).[4]

---

[4] Nadarajah was abrogated on other grounds by Jennings v. Rodriguez, 583 U.S. 281 (2018), as recognized by Esquivel-Ipina v. LaRose, 812 F. Supp. 3d 1073, 1077 (S.D. Cal. 2025).

## DISCUSSION

The Due Process Clause of the Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment - from government custody, detention, or other forms of physical restraint - lies at the heart of the liberty that Clause protects." Zadvydas v. Davis, 533 U.S. 678, 690 (2001) (citation omitted). This protection applies to noncitizens as it does to United States citizens. See Wong Wing v. United States, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty or property without due process of law."). "Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody on bond." Valencia Zapata v. Kaiser, Case No. 25-cv-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (collecting cases). "Although in some circumstances the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if they fail to live up to the . . . conditions of release.'" Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (some alterations in Pinchi) (brackets omitted) (quoting Morrissey v. Brewer, 408 U.S. 471, 482, 92 S. Ct. 2593 (1972)).

In Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and

contest the determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[5]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his parole was being revoked before he was summarily detained on October 20, 2026. See Petition at ¶ 25. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's detention. Rather, they argue that this Court should provide Petitioner with a bond hearing "to provide the government an opportunity to correct the constitutional violation found by the court." See Response at 3 (brackets, quotation marks, and citations omitted). Providing Petitioner a bond hearing, however, would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[6]

Petitioner has also requested that this Court award him attorney's fees and costs. See Petition at pg. 9. This Court will consider an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment. This Court, therefore, denies Petitioner's request for attorney's fees and costs without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner Isrrael Garcia Garcia's Verified Petition for Writ of Habeas Corpus, filed November 2, 2026, is GRANTED IN PART

---

[5] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[6] In light of this Court's determination that Petitioner is entitled to immediate release, this Court need not address Petitioner's claim under the Fourth Amendment and Section 287.8(b)(2). See Petition at pgs. 7-8.

AND DENIED IN PART. The Petition is GRANTED insofar as Respondents are ORDERED to release Petitioner from custody under the same conditions that existed immediately prior to Petitioner's re-detention on October 20, 2026.

Further, Respondents are ENJOINED AND RESTRAINED from: re-detaining Petitioner unless Respondents demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral decisionmaker, that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified; placing Petitioner in an Alternatives to Detention program; and placing an ankle monitor on Petitioner upon his release. The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The Clerk's Office is DIRECTED to enter judgment and close this case on **December 7, 2026**, unless Petitioner files a notice informing this Court that Respondents failed to comply with this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 23, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>ISRRAEL GARCIA GARCIA VS. CHRISTOPHER J. LAROSE ET AL.</u>, CASE NO. 3:26-CV-06223-LEK-VET; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**